FILED
2021 FEB 1 AM 11:52
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TONY RICHARD AGUILERA, Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE<br><br>Case No. 2:15-cr-00565-JNP<br><br>District Judge Jill N. Parrish |

Before the court is Tony Aguilera's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 49. He argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence to time served. The court concludes that, under the present circumstances, Aguilera's risk of infection with COVID-19 does not constitute an extraordinary and compelling reason to reduce his sentence. Additionally, the court finds that the requested sentence reduction is not consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Thus, his motion is DENIED.

## LEGAL STANDARD

"In general, once a court has imposed a sentence, the court has no authority to modify that sentence." *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020). A court may reduce a sentence only if one of the conditions established by Congress has been met. For example, a court may reduce a sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A). Congress has authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). But Congress mandated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*

The Sentencing Commission's current policy statement on this issue lists four categories of extraordinary and compelling reasons for a sentence reduction: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. 1. In addition to satisfying one of these conditions, the court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Aguilera argues, however, that this court is not bound by the current version of the Sentencing Commission's policy statement. Recent opinions issued by the Second, Fourth, Sixth, and Seventh Circuits have held that the current policy statement is no longer an "applicable" policy statement within the meaning of § 3582(c)(1)(A). *United States v. Brooker*, 976 F.3d 228, 235–36 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). This same issue is currently pending before the Tenth Circuit, but that court has not yet issued an opinion. *See United States v. Maumau*, No. 2:08-cr-00758-TC, 2020 WL 806121 (D. Utah Feb. 18, 2020) *appeal docketed*, No. 20-4056 (10th Cir., May 12, 2020).

But in this case, the court need not decide whether to follow the Circuits that have held that district courts are no longer restrained by the Sentencing Commission's current policy statement.

2

Regardless of whether the court is bound to follow the guidance offered in the policy statement, the court determines that Aguilera's risk of infection with COVID-19 is not an extraordinary and compelling reason to reduce his sentence. Moreover, the court determines that a consideration of the factors set forth in 18 U.S.C. § 3553(a) does not permit a reduction of his 110-month sentence by approximately forty percent. Because Aguilera's motion fails regardless of whether the court follows the current policy statement—and because in the near future the Tenth Circuit will likely resolve the issue of whether the current policy statement is applicable—the court analyzes his motion without reference to the restrictions found in the policy statement.

## ANALYSIS

I. **EXTRAORDINARY AND COMPELLING REASONS**

Congress decreed that only "extraordinary and compelling reasons" may justify a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Aguilera argues that his risk of infection with COVID-19 in the cramped conditions of the prison where he is incarcerated satisfies this standard. He further asserts that he has high blood pressure and high cholesterol, which he contends increase the risk of severe illness if he is infected. But the court concludes that Aguilera's risk of infection is not an extraordinary and compelling reason to reduce his 110-month sentence to approximately 65 months and allow him immediate release.

The court finds that immediate release will not make Aguilera safer from the virus. President Biden's recently released policy statement indicates that federal inmates will receive priority access to vaccinations. *National Strategy for COVID-19 Response and Pandemic Preparedness*, at 46 (January 21, 2021), https://www.whitehouse.gov/wp-content/uploads/2021/01/National-Strategy-for-the-COVID-19-Response-and-Pandemic-Preparedness.pdf. Indeed, the BOP estimates that all facilities will receive first doses of the vaccine by mid-February.

*Update on COVID-19 Vaccinations* (January 15, 2021), https://www.bop.gov/resources/news/pdfs/20210115_press_release_vaccination.pdf. In contrast, as a 43-year-old, Aguilera would not be eligible for vaccination in Idaho, where he proposes to reside. Therefore, he will receive access to a vaccine sooner if he remains incarcerated.

If Aguilera is released, he will still run the risk of exposure to COVID-19. Infection rates remain high in Idaho. Aguilera would have to find employment; and there is no guaranty that his job will be socially distanced. In short, he would be exposed to many of the same risks of exposure as average citizens. Without priority access to a vaccine, Aguilera would likely be at greater risk of infection if he were released. Accordingly, the court finds that Aguilera has not presented extraordinary and compelling reasons for early release.

II.   THE § 3553(a) FACTORS

Even if the court had found extraordinary and compelling reasons to reduce Aguilera's sentence, the court determines that the 18 U.S.C. § 3553(a) factors do not support a reduction to time served in this case. In particular, "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" does not support such a reduction.

Aguilera was sentenced to 110 months incarceration for possession of a firearm by a convicted felon and for possession of methamphetamine with intent to distribute. These charges stem from possession of a stolen handgun, which was fully loaded with a round in the chamber, over 23 pounds of methamphetamine, 5.5 pounds of heroin, and two hand grenades. Because of his extensive criminal history, including prior convictions for unlawful possession of a firearm and multiple violations of his supervised release, his guideline sentence was 210 months to 262 months. Additionally, Aguilera was originally facing a § 924(c) charge that would have added an

additional 60 months to his sentence. The government agreed to dismiss the § 924(c) charge as part of a plea agreement.

Aguilera has served approximately 65 months (or about sixty percent) of his 110-month sentence. Considering Aguilera's offenses, his criminal history, and the need for just punishment, the court determines that the § 3553(a) factors do not support reducing his sentence by about forty percent. Indeed, Aguilera already received a considerable break when the court sentenced him to 100 months below the low end of his guideline sentence. The court determines that an additional 45-month reduction would not align with the statutory sentencing factors.

## CONCLUSION

For the reasons stated above, the court DENIES Aguilera's motion to reduce his sentence to time served.

DATED February 1, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge